UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

00 OCT 20 PM 4:28

CASE NO. 00-6287-CR-GRAHAM/TURNOFF CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

UNITED STATES OF AMERICA      )
                              )
                              )
                              )
v.                            )
                              )
JUAN DARIO RESTREPO-PALAEZ,   )
                              )
    Defendant.                )
_____)

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  Attached, please find a copy of statements made by the defendant. Defendant was questioned by Border Patrol agents. An affidavit signed by Defendant is attached.

    2.  That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

    3.  No defendant testified before the Grand Jury.

    4.  The NCIC record of the defendant is attached. A copy of the Judgment in a Criminal Case (Case No. 93-582-CR-Ungaro-Benages) is attached. Defendant was deported to Colombia as a result of that conviction.

    5.  Books, papers, documents, photographs, tangible

        objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

        The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case, except for a fingerprint analysis was completed to identify Defendant.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers

2

|     | |
| --- | --- |
|     | involved in this case to preserve all rough notes. |
| H.  | The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). Defendant was confronted by Border Patrol agents three weeks prior to his September 5, 2000 encounter. At that time, Defendant indicated that he was a Colombian national who had entered the united states for pleasure. He indicated that he left his passport and visa at his temporary residence in New York. He provided law enforcement officials with a false identification card (in the name Richard Jaramillo), gave a false name (Richard Jaramillo-Restrepo), and indicated that he did not have his immigration documents. Since the computer system was down at that time, Defendant was released and told to carry his immigration documents at all times. |
| I.  | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J.  | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.  | No contraband is involved in this indictment. |
| L.  | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M.  | A fingerprint analysis identifying the defendant as Juan Dario Restrepo-Palaez is attached. |
| N.  | To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial. |
| O.  | The government will make every possible effort in |

    good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

 P. At the discovery conference scheduled above, the government will seek written stipulations to agreed facts in this case.

 The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

 In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

    Date: September 5, 2000
    Place: Fort Lauderdale/Hollywood Airport

 The attachments to this response are numbered pages __1__ - __41__. Please contact the undersigned Assistant United States Attorney if any pages are missing.

          Respectfully submitted,

          GUY A. LEWIS
          UNITED STATES ATTORNEY

    By: *[signature]*
       Robert Emery
       Assistant United States Attorney
       Florida Bar No. 0152579
       99 Northeast 4th Street
       Miami, Florida 33132-2111
       Tel: (305) 961-9086
       Fax: (305) 530-7976

cc: Special Agent Solek,
   Border Patrol

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 20 day of October, 2000 to: Krista Halla, Assistant Federal Public Defender, 150 West Flagler Street, Suite 1700, Miami, Florida 33130-1555.

Robert Emery
Assistant United States Attorney